IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FERRITTO<br>3720 North Myers Road<br>Geneva, Ohio, 44041 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff<br>v. | )<br>)<br>) | **COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |
| THE ARMS TRUCKING CO.<br>c/o Howard Bates, Statutory Agent<br>Po Box 300<br>Burton, Ohio 44021 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| JOHN HARRIS<br>14818 Mayfield Rd,<br>East Claridon, Ohio 44033 | )<br>)<br>)<br>) | |
| -and- | )<br>) | |
| HOWARD BATES<br>14818 Mayfield Rd,<br>East Claridon, Ohio 44033 | )<br>)<br>)<br>) | |
| -and- | )<br>) | |
| DAN MAHN<br>14818 Mayfield Rd,<br>East Claridon, Ohio 44033 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff William Ferritto brings this action against Defendants The Arms Trucking Co. ("Arms Trucking"), John Harris, Howard Bates, and Dan Mahn seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207, *et seq*., the Ohio Minimum Fair Wage Standards



Act (the "Ohio Wage Law"), O.R.C. §§ 4111.03 *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## PARTIES

1. Ferritto is a resident of the city of Geneva, county of Ashtabula, state of Ohio.

2. Arms Trucking is an Ohio corporation with its principle place of business located in the city of Huntsburg, County of Geauga, State of Ohio.

3. Arms Trucking, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act ("FLSA"), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

4. During all times material to this Complaint, Arms Trucking was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5. During all times material to this Complaint, Bates was the owner of Arms Trucking, whom exercised significant control over Arms Trucking's operations, policies, and procedures, to include, but not limited to its day to day operations and pay practices.

6. At all times relevant herein, Bates supervised and/or controlled Ferritto 's employment with Arms Trucking, and acted directly or indirectly in the interest of Arms Trucking in relation to its employees, to include controlling its day-to-day operations and compensation policies.



7. During all times material to this Complaint, Bates was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times relevant herein, Harris supervised and/or controlled Ferritto's employment with Arms Trucking, and acted directly or indirectly in the interest of Arms Trucking in relation to its employees, to include controlling its day-to-day operations and compensation policies

9. During all times material to this Complaint, Harris was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant herein, Mahn supervised and/or controlled Ferritto's employment with Arms Trucking, and acted directly or indirectly in the interest of Arms Trucking in relation to its employees, to include controlling its day-to-day operations and compensation policies

11. During all times material to this Complaint, Mahn was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

12. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ferritto is alleging a federal law claim arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 207, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

13. Jurisdiction is proper over Defendants in that all material events alleged in this Complaint occurred in county of Geauga, the county within which Arms Trucking's principle place of business is located.

14. This Court has supplemental jurisdiction over Ferritto's state law claims under 28 U.S.C. § 1367.

15. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which



the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

16. During all times material to this Complaint, Ferritto was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

17. In or around November 2015, Ferritto started working at Arms Trucking as a truck driver.

18. Ferritto's job duties include hauling materials and/or delivering goods to destinations throughout North East Ohio.

19. While working for Arms Trucking as a truck driver, Ferritto never carried goods or materials across state or international lines.

20. During all times material to this Complaint, Ferritto was not reasonably expected to carry goods or materials across the state or international lines.

21. While working for Arms Trucking as a Truck Driver, Ferritto was paid by "percent of *load*": approximately thirty-three (33) percent of the gross load revenue.

22. While working for Arms Trucking as a truck driver, Ferritto worked on average forty (40) to sixty (60) hours per week.

23. At all times referenced herein, Arms Trucking failed to compensate Ferritto at a rate of time-and-one-half of his regular rate of pay for all time he worked in excess of forty (40) hours per workweek.

24. At all times referenced herein, Arms Trucking did not pay Ferritto the time he used to clean trucks or to get trucks ready for work.

25. In the Summer of 2016, Ferritto complained to Harris that he regularly worked over 40 hours a week but not was paid overtime.



26. Harris told Ferritto that he was an exempt truck driver and was not entitled to overtime payment under FLSA.

27. Harris knew that Ferritto was not exempt but lied to Ferritto in hopes Ferritto would stop asking about overtime.

28. During a mandatory meeting, Ferritto again complained to Bates and Robin Pilarcyk, the Human Resources manager, that he was not paid overtime.

29. Bates and Pilarcyk never addressed Ferritto's complaints.

30. During all times material to this Complaint, Ferritto was required by Defendants to attend job and safety trainings on one Saturday every summer for about four hours ("Saturday Trainings").

31. The Saturday Trainings were mandatory.

32. The Saturday Trainings were related to Ferritto's job.

33. Defendants never paid Ferritto for the Saturday Trainings.

34. In or about August 2017, Ferritto signed an agreement with Arms Trucking which assigned Ferritto to work on a land mine operated and/or owned by Arms Trucking. (the "Mine").

35. While working at the Mine, Ferritto worked as a driver who loaded, unload, transported, and dumped materials at mine.

36. While working at the Mine Ferritto was paid approximately $23 per hour.

37. While working for the Mine, Ferritto worked on average fifty (50) hours per week.

38. At all times referenced herein, Arms Trucking failed to compensate Ferritto at a rate of time-and-one-half of his regular rate of pay for all time he worked in excess of forty (40) hours per workweek while he worked at the Mine.

39. In or around August 2017, Ferritto again complained to Harris and Mahn that he was not being paid overtime.

The Employee's Attorney.™ 

40. When Ferritto started working at the Mine, he punched time cards to record the time he worked.

41. After Ferritto complained that he was not paid overtime, Harris and Mahn would not allow Ferritto to punch his time cards any longer; instead, Harris and Mahn asked Ferritto to record the time he worked on a log book.

42. Ferritto made verbal complaints that he was not paid overtime to Harris again in October and November 2017.

43. Ferritto also make a written complaint to Harris since his verbal complaints were never addressed by Defendants.

44. Harris threw Ferritto's written complaint to a trash can in front of Ferritto.

45. After Ferritto made the complaints, Defendants retaliated against Ferritto by reducing the hours he was scheduled to work.

46. Defendants also began a practice of intentionally wasting Ferritto's time by calling him in to work, only to tell him there was no work when he arrived.

47. Specifically, Defendants would tell Ferritto that there were no trucks available, when in reality, several trucks were available for Ferritto to operate.

48. Other times, Defendants would assign Ferritto a pickup truck to dump materials only once after he arrived at work, and would then tell him to go home.

49. Defendants called Ferritto into work, only to then send him home or to have him do minimal work, as a means of retaliating against Ferritto for making repeated complaints about unpaid overtime.

50. As a result of his drastically reduced hours, Ferritto was forced to seek other employment.

51. Ferritto resigned from Arms Trucking on or about January 15, 2018.

52. At all times referenced herein, Defendants were aware of their obligations under the FLSA and Ohio Wage Act.



53. Despite its knowledge of its obligations under the FLSA and the Ohio Wage Act, Defendants willfully refused to pay Ferritto overtime for compensable time he worked over forty (40) hours per week and for all hours worked.

54. As a result of Defendants' failure to pay Ferritto for all hours worked and overtime payment, Ferritto suffers damage.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

55. Ferritto restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. During all times material to this complaint, Ferritto was not exempt from receiving minimum wage under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," "inside sales," "outside sales," or "professional" employee, as defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

57. During all times material to this Complaint, Ferritto was not subject to the Motor Carrier Exemption under the FLSA.

58. During all times material to this Complaint, Defendants violated the FLSA by failing to compensate Ferritto at a rate of time-and-one-half of his regular rate of pay for all time he worked in excess of forty (40) hours per workweek prescribed by 29 U.S.C. § 207.

59. During all times material to this complaint, Defendants willfully and/or recklessly violated 29 U.S.C. § 207.

60. 29 U.S.C. § 785.27 provides that an employee's time attending a meeting, seminar, lecture, or training must be counted as hours worked unless it meets each of four requirements: the attendance is outside the employee's regular working hours; the attendance is in fact voluntary; training is not directly related to the employee's job; the employee does not perform productive work while attending training.

The Employee's Attorney.™ 

61. The time that Ferritto attended trainings at Arms trucking should be counted as hours worked.

62. In violating the FLSA, Defendants without a good faith basis, unreasonably, and in reckless disregard of clearly applicable FLSA provisions.

63. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Ferritto for the full amount of his overtime pay, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT II: VIOLATION OF THE OHIO WAGE ACT

64. Ferritto restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. The Ohio Wage Act requires that covered employer pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. O.R.C. §§ 4111.03, et seq.

66. During all times material to this complaint, Defendants covered employers required to comply with the Ohio Wage Act's mandates.

67. During all times material to this complaint, Ferritto was a covered employee entitled to individual protection of Ohio Wage Act.

68. Defendants violated the Ohio Wage Act with respect to Ferritto by, *inter alia*, failing to pay Ferritto at a rate of time-and-one-half of his regular rate of pay for all time he worked in excess of forty (40) hours per workweek.

69. Defendants without a good faith basis and in reckless disregard of clearly applicable Ohio Wage Act provisions.



## COUNT III: RETALIATION IN VIOLATION OF THE FLSA

70. Ferritto restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. The FLSA prohibits retaliation by employers against employees for asserting their rights under the FLSA. Specifically, the FLSA provides that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . ." 29 U.S.C. § 215(a)(3).

72. Throughout Ferritto's employment, he made complaints to Defendants asserting his rights under the FLSA.

73. Following Ferritto's complaints, Defendants retaliated against Ferritto by reducing his scheduled hours of work.

74. Defendants forced Ferritto to seek other employment and resign when they reduced his hours.

75. Ferritto's complaints were a proximate cause of Defendants' retaliation.

76. Defendants' act constituted retaliation in violation of 29 U.S.C. § 215(a)(3).

77. As a direct and proximate cause of Defendants' retaliatory conduct, Ferritto suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff William Ferritto request judgment against Defendants for an Order:

(a) Awarding against Defendants compensatory and monetary damages to compensate Ferritto for unpaid wages or overtime, along with an equal amount of liquidated damages as allowed by FLSA;

(b) Awarding Ferritto costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;



(c) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Act; and

(d) Awarding Ferritto any such other and further relief as the Court deems just and proper;

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Siqin "Carol" Wang (0097181)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Road, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com
            carol.wang@spitzlawfirm.com

*Attorneys for Plaintiff William Ferritto*

## JURY DEMAND

Plaintiff William Ferritto demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**



The Employee's Attorney.™